UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60199
Summary Calendar
_____


THOMAS LEE,

Plaintiff-Appellant,

versus

EDDIE LUCAS, Commissioner,
ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
(2:92 CV 344 PS)
_____
August 9, 1995


Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Thomas Lee (Lee) appeals the district court's dismissal of his 42 U.S.C. § 1983 suit as frivolous pursuant to 28 U.S.C. § 1915(d). We affirm.

_____

* Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

**Facts and Proceedings Below**

Lee, an inmate in the Southern Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi, filed this section 1983 suit against various prison officials on October 5, 1994, alleging that Defendants denied him proper medical care and that they harassed him in retaliation for filing a prison grievance.[1] The district court granted Lee leave to proceed *in forma pauperis*. In his *pro se* complaint, Lee alleges that he filed internal grievances asserting that he had received inadequate medical treatment and that Defendants had denied his grievances on the ground that prison records reflected that he had not requested medical care.[2]

Although Lee's complaint initially states that he was denied medical care, he also alleges that he began seeing Dr. Serapio (Serapio), the SMCI medical director, in March 1992 for back pain. According to Lee's complaint, Serapio ordered x-rays for his back, which revealed soft tissue damage. Lee alleges that Serapio then ordered Lee to undergo leg x-rays and blood and urine analyses to determine the cause of the soft tissue damage, but Lee allegedly has never received the results of these tests from Serapio. Lee alleges that he requested to be sent to the medical center in Jackson, Mississippi, for a CAT scan and a proper diagnosis but that Serapio refused. In addition, Lee alleges that Serapio

---

[1] In a January 25, 1994, letter to the district court, Lee stated that, on December 16, 1994, he was transferred to the Mississippi State Penitentiary in Parchman, Mississippi.

[2] Lee asserts that this response indicates record tampering.

refused to refill his pain medication and eventually replaced it with a less effective medication.

On December 1, 1993, Dr. Harry Turner (Turner), a radiologist, took x-rays of Lee's back and concluded that there were no abnormalities. According to Lee's complaint, this diagnosis "clearly shows that Dr. Turner deliberately fail[ed] in his medical, professional and ethical judgment by not recommending or suggesting a medical follow up." Lee also asserts that Betty Creech (Creech), the SMCI administrative remedy program administrator, acted maliciously and deliberately in denying his medical grievances by giving his personal medical information to the SMCI staff and by extending the deadline for Defendants to file a response to these grievances.

On March 15, 1994, the district court determined that Lee's complaint lacked any arguable basis either in law or in fact and therefore dismissed it without prejudice under 28 U.S.C. § 1915(d). Lee filed a timely notice of appeal.

## Discussion

Dismissal of an *in forma pauperis* petition under 28 U.S.C. § 1915(d) is appropriate where the district court is satisfied that the action is frivolous. An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 109 S.Ct. 1827, 1831-32 (1989); *see also Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993). We review a district court's section 1915(d) dismissal for abuse of discretion. *Mackey v. Dickson*, 47 F.3d 744, 745 (5th Cir. 1995).

3

Lee argues that the district court abused its discretion by dismissing his suit without conducting a *Spears*[3] hearing. To prevail on a section 1983 claim for deprivation of medical care, a prisoner must prove that care was denied and that this denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 97 S.Ct. 285, 291 (1976); *see Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). This Court has held that the "legal conclusion of `deliberate indifference' . . . must rest on facts clearly evincing wanton actions on the part of the defendants." *Johnson*, 759 F.2d at 1238. "Unsuccessful medical treatment does not give rise to a § 1983 cause of action. Nor does mere negligence, neglect or medical malpractice." *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (citations and internal quotation marks omitted).

The thrust of Lee's medical care claim is that the medication prescribed was inadequate and that Defendants failed to perform the proper diagnostic tests. He has not alleged that Defendants' actions in any way affected his physical condition. Based on our review of the record, we find that Lee's medical care claim amounts to no more than allegations of negligence. Because negligence claims are not cognizable under section 1983, *id.*, the district court did not abuse its discretion in dismissing his medical care claim under section 1915(d).[4]

---

[3]     *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[4]     In his brief on appeal, Lee moves for a physical exam pursuant to Fed.R.Civ.P. 35(a), arguing that he is entitled to another opinion on the x-rays taken of his back. We deny this frivolous,

Lee next argues on appeal that he was harassed because he filed grievances concerning his medical care. It is well established that an inmate may not be retaliated against because he exercises his right of access to the courts. *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir.), *cert. denied*, 106 S.Ct. 1975 (1986). However, "if the conduct claimed to constitute retaliation would not, by itself, raise the inference that such conduct was retaliatory, the assertion of the claim itself without supporting facts is insufficient." *McCoy v. Lynaugh*, No. 94-10631, slip op. at 3 (5th Cir. Nov. 18, 1994) (unpublished) (citing *Whittington v. Lynaugh*, 842 F.2d 818, 819 (5th Cir.), *cert. denied*, 109 S.Ct. 108 (1988)). We note that Lee only mentioned two acts of harassment in his complaint: "suppressing respondent's response past deadlines" and the submission of his personal medical information to the SMCI staff. The extension of a deadline for a response and the submission of medical records to the prison staff after a prisoner has filed a grievance do not, by themselves, raise an inference that such conduct was retaliatory. This allegation thus lacks an arguable basis in law or fact, and the district court did not abuse its discretion in dismissing it under section 1915(d).[5]

---

unauthorized motion.

[5] For the first time in his brief on appeal, Lee alleges various additional instances of harassment. First, he asserts that Defendants influenced other SMCI employees and gang members to harass him and to suppress his mail and medication. He also contends that he received four transfers, was put in segregation for 30 days, and put in punitive segregation for 120 days. In addition, Lee asserts that he was transferred to the main penitentiary in Parchman, Mississippi, and placed in lock down so that his mail and legal work could be read. Finally, Lee alleges

## Conclusion

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

that he was prescribed an experimental drug not commonly used for his type of ailment. Because Lee did not raise these claims in the district court below, we will not consider them on appeal. *See Varnado*, 920 F.2d at 321.